UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EDUARDO MORALES | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Case No.: 4:16-cv-00224-RC |
| | § | |
| NATIONAL CREDIT ADJUSTERS, LLC | § | |
|    *Defendant.* | § | |

# DEFENDANT NATIONAL CREDIT ADJUSTERS, LLC'S UNOPPOSED MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

COMES NOW, Defendant National Credit Adjusters, LLC (hereinafter "NCA"), by and through the undersigned counsel, files its Motion to Set Aside Entry of Default Judgment, and to respectfully show unto the Court as follows:

## I.

## BACKGROUND

1. On March 31, 2016, Plaintiff Eduardo Morales filed his Complaint against NCA alleging violations of the Fair Debt Collection Practices Act ("FDCPA" herein), the Telephone Consumer Protection Act ("TCPA" herein), and the Texas Debt Collection Act ("TDCA" herein). *See* Docket Entry ("Doc.") 1.

2. Shortly after the Complaint was filed, Plaintiff's Counsel reached out to NCA's Counsel in the attempt to settle this matter. *See* Exhibit A at 5. Additionally, on the date that the Answer was due, Plaintiff's counsel reached out to NCA's counsel, stating "I know your answer is due today, so I want to see if we can resolve this before you have to file anything." *Id*. at 2. As a result, both parties entered into settlement agreements. In good faith, NCA did not file an Answer because it had entered into settlement agreements as was requested by Plaintiff, and

DEFENDANT NATIONAL CREDIT ADJUSTERS, LLC'S UNOPPOSED MOTION TO SET ASIDE CLERK'S
ENTRY OF DEFAULT **-** 4:16-cv-00224-RC                                                      **Page 1 of 7**
M:\144.0000 National Credit Adjusters\144.0017 Eduardo Morales v. National Credit Adjusters, LLC\PLEADINGS\144.0017 Motion to Set Aside Entry of Default.docx

because Plaintiff lead NCA to believe that an Answer did not need to be filed as long as settlement agreements were underway. Then, although NCA had been participating in settlement agreements with Plaintiff in good faith, Plaintiff asked the Clerk to enter Default in this matter. *See* Doc. 5.

3. After discussions between the parties, Plaintiff's counsel has expressed that it is unopposed to this Motion to Set Aside Entry of Default.

## II.

## STANDARD FOR SETTING ASIDE ENTRY OF DEFAULT

4. The threat of default judgment encourages parties to timely file responsive pleadings and discourages the use of delay as a litigation tactic. See *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2nd Cir. 1993). However, because courts prefer to resolve disputes on the merits, they disfavor default judgments and grant them sparingly. *Rogers v. Hartford Life & Acc. Ins.*, 167 F.3d 933, 936 (5th Cir. 1999). "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocalia v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted).

5. If a defendant learns about the entry of default before the default judgment is entered, it should immediately file a motion to set aside the entry of default, before the clerk (or the court) enters the default judgment. Fed. R. Civ. P. 55(c); *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524m 527-29 (11th Cir. 1990). District courts are more willing to set aside an entry of default than a default judgment. *Frontier Ins. v. Blaty*, 454 F.3d 590, 595 (6th Cir. 2006) (once judgment has been

entered, court's discretion to set aside judgment is limited by public policy favoring finality of judgments). Fed. R. Civ. P. 55(c) does not provide a deadline for filing a motion to set aside the entry of default but the courts generally require reasonable promptness. *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 336 (2d Cir. 1986). The defendant should file the motion to set aside the entry of default immediately after learning of it and, if possible, before the court grants the default judgment. *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990).

6.      Rule 55 of the Federal Rules of Civil Procedure states that "[t]he court may set aside an entry of default for good cause…"[1] *See* Fed. R. Civ. P. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. Of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007). Although the same factors are considered to set aside an entry of default or to vacate a default judgment, the courts apply the factors more liberally to an entry of default. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011). Because setting aside entry of default does not involve a final judgment, the standard is more forgiving. *Colleton Prepatory Acad., Inc. v. Hoover Univ'l, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010). Circuit cases articulate a policy of favoring trial on the merits over default judgment. *Sun,* 473 F.3d at 811.

---

[1] "Federal Rule of Civil Procedure 55 applies in adversary proceedings." *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008) (citing Fed. R. Bankr. P. 7055).

# III.

## ARGUMENT AND AUTHORITIES

7. The Fifth Circuit explained that there are three factors that the court should examine when determining "good cause:" (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales*, 346 F.3d 552, 563 (5th Cir. 2003). However, these factors are not exclusive; other factors may be considered, such as whether the party acted expeditiously to correct the default. *Id.*

8. In this case, NCA did not willfully fail to file an Answer. To the contrary, the only reason that NCA failed to file an answer is because Plaintiff lead NCA to believe that as long as settlement negotiations were underway, NCA did not need to file an Answer. *See* Affidavit of Nicholas D. Moore, hereto attached as Exhibit B. The day an Answer was due in this case, Plaintiff's counsel reached out to Defendant in order to attempt settlement negations. Specifically, Plaintiff's counsel stated, "I want to see if we can resolve this before you have to file anything." Exhibit A at 2. On May 2, 2016, three (3) days after an Answer was due, Plaintiff's counsel was still engaging in settlement talks with Defendant. *Id*. at 1. During this May 2, 2016 conversation, Plaintiff asked if Defendant could produce evidence that Plaintiff requested. *Id*. Defendant responded that it would likely not be receipt of the requested files until later in the week. *Id*. Then, without any further communication, Plaintiff asked for the Clerk to enter Default in this matter. *See* Doc. 5. Therefore, the reason why NCA failed to act was because it was led to believe by Plaintiff that an Answer did not need to be filed since settlement negotiations were ongoing. This satisfies the first prong in determining whether there is "good cause" to set aside the default submitted by the clerk.

9. As for the second prong of the "good cause" assessment, Plaintiff will not suffer any prejudice by having the entry of default set aside. Courts have held that it is better policy to allow cases to be tried and resolved on their merits rather than allowing default judgments. Plaintiff has only requested the entry of default from the Clerk and a default judgment has not been entered. There has been no great delay or expense incurred. Additionally, Plaintiff is unopposed to this Motion. Therefore, there is no prejudice to be suffered by Plaintiff, and this satisfies the second prong in determining whether there is "good cause" to set aside the default submitted by the clerk.

10. As for the third prong of the "good cause" assessment, NCA possesses a meritorious defense to Plaintiff's allegations—Plaintiff complains of the violations taking place during May and June of 2015, but Defendant did not acquire this account until August of 2015. Exhibit B. As expressed in Paragraph 30 Plaintiff's Complaint, Plaintiff claims that "in May and June of 2015, Plaintiff spoke to Defendant on the telephone and told Defendant on several occasions to stop calling him." Doc. 1 at 5. Plaintiff goes on to claim that despite Plaintiff's requests, Defendant continued to call Plaintiff on numerous dates between September and December of 2014. *Id*. at 5 and 6. However, Plaintiff did not own the account in question until August of 2015. *See* Exhibit B. Additionally, NCA did not begin calling Plaintiff until September of 2015. *Id*. NCA did not have any contact with Plaintiff during the time that it claims NCA committed a violation. *Id*. Therefore, the fact that NCA did not contact Plaintiff during the time that Plaintiff is alleging that NCA committed a violation is a meritorious defense and satisfies the third prong in determining whether there is "good cause" to set aside the default submitted by the clerk.

# IV.

## CONCLUSION

11. As a result of the aforementioned, Defendant National Credit Adjusters, LLC is entitled to having the Default against it set aside so that it may defend itself during a trial on the merits. The Fifth Circuit of the United States has held that a party to a lawsuit is entitled to having a default set aside by examining (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales*, 346 F.3d 552, 563 (5th Cir. 2003).

12. In this matter, Defendant's failure to act was not willful. The only reason that Defendant did not act timely in regards to this matter is because it was not aware of the lawsuit to begin with. Additionally, setting aside the default would not prejudice Plaintiff. Plaintiff has not received a default judgment for this matter, and Plaintiff has not incurred any serious delay or expense. Finally, Defendant has a meritorious defense in that it did not own the own the debt in question when Plaintiff is alleging it asked NCA to cease calling.

WHEREFORE, PREMISES CONSIDERED, Defendant National Credit Adjusters, LLC respectfully prays that the Entry of Default be set aside and vacated in order to permit NCA to litigate these issues on their merits and that the Court afford to NCA all other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**[SIGNATURE BLOCK ON SUBSEQUENT PAGE]**

ROBBIE MALONE, PLLC

*/s/* Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631
***COUNSEL FOR DEFENDANT***

## CERTIFICATE OF CONFERENCE

During conference concerning this Motion, Plaintiff's counsel expressed that it was unopposed to this Motion.

*/s/* Robbie Malone
ROBBIE MALONE

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via CM/ECF on this 10th day of May, 2016 to:

Michael S. Agruss
SBN: 6281600
Agruss Law Firm, LLC
4611 N. Ravenswood Ave., Suite 201
Chicago, IL 60640
P. 312-224-4695
F: 312-253-4451
Michael@agrusslawfirm.com
*Lead Counsel for Plaintiff*

*/s/* Robbie Malone
ROBBIE MALONE

# Robbie Malone

**From:** Pooja Dosi <pooja@agrusslawfirm.com>
**Sent:** Monday, March 14, 2016 5:04 PM
**To:** Nick Moore
**Subject:** RE: Morales, Eduardo v. National Credit Adjuster, LLC

Sounds good. Thanks.

**Pooja Dosi | Agruss Law Firm, LLC**
Attorney at Law
4611 N Ravenswood Ave, Suite 201, Chicago, IL 60640
Tel: 312-224-4695 | Cell: 312-715-8054 | Fax: 312-253-4451
pooja@agrusslawfirm.com
www.agrusslawfirm.com

**From:** Nick Moore [mailto:NMoore@ncaks.com]
**Sent:** Monday, March 14, 2016 4:58 PM
**To:** Pooja Dosi <pooja@agrusslawfirm.com>
**Subject:** RE: Morales, Eduardo v. National Credit Adjuster, LLC

I haven't listened to recordings yet. I can get back to you on that, and hopefully on the contract, later this week.

**From:** Pooja Dosi [mailto:pooja@agrusslawfirm.com]
**Sent:** Monday, March 14, 2016 4:46 PM
**To:** Nick Moore <NMoore@ncaks.com>
**Subject:** RE: Morales, Eduardo v. National Credit Adjuster, LLC

Thanks for looking into that. NCA continued to call the number after Mr. Morales request the calls to stop. How many of those calls were made after revocation?

**Pooja Dosi | Agruss Law Firm, LLC**
Attorney at Law
4611 N Ravenswood Ave, Suite 201, Chicago, IL 60640
Tel: 312-224-4695 | Cell: 312-715-8054 | Fax: 312-253-4451
pooja@agrusslawfirm.com
www.agrusslawfirm.com

**From:** Nick Moore [mailto:NMoore@ncaks.com]
**Sent:** Monday, March 14, 2016 4:44 PM
**To:** Pooja Dosi <pooja@agrusslawfirm.com>
**Subject:** RE: Morales, Eduardo v. National Credit Adjuster, LLC

Pooja,

NCA made 34 calls to the number listed as being your client's residence number. I have requested the original contract to confirm that this was what was indicated on the application.


DEFENDANT'S EXHIBIT A

Thank you,

Nick

---

**From:** Pooja Dosi [mailto:pooja@agrusslawfirm.com]
**Sent:** Monday, March 14, 2016 4:42 PM
**To:** Nick Moore <NMoore@ncaks.com>
**Subject:** RE: Morales, Eduardo v. National Credit Adjuster, LLC

Hi Nick – just following up her. Let me know if we can resolve pre-suit.

Thanks,
Pooja

**Pooja Dosi | Agruss Law Firm, LLC**
Attorney at Law
4611 N Ravenswood Ave, Suite 201, Chicago, IL 60640
Tel: 312-224-4695 | Cell: 312-715-8054 | Fax: 312-253-4451
pooja@agrusslawfirm.com
www.agrusslawfirm.com

---

**From:** Nick Moore [mailto:NMoore@ncaks.com]
**Sent:** Monday, March 14, 2016 8:51 AM
**To:** Pooja Dosi <pooja@agrusslawfirm.com>
**Subject:** RE: Morales, Eduardo v. National Credit Adjuster, LLC

Pooja,

I apologize, I was out most of Friday. I am pulling the requested for info and will get back to you today.

Thank you,

Nick

---

**From:** Pooja Dosi [mailto:pooja@agrusslawfirm.com]
**Sent:** Friday, March 11, 2016 9:27 AM
**To:** Nick Moore <NMoore@ncaks.com>
**Subject:** RE: Morales, Eduardo v. National Credit Adjuster, LLC

Hi Nick,

I'm following up with my email below and the message I left for you. Please let me know if NCA would like to discuss this case pre-suit by the end of the day, otherwise we will need to move forward and file this case.

Thanks,
Pooja

**Pooja Dosi | Agruss Law Firm, LLC**
Attorney at Law
4611 N Ravenswood Ave, Suite 201, Chicago, IL 60640
Tel: 312-224-4695 | Cell: 312-715-8054 | Fax: 312-253-4451

pooja@agrusslawfirm.com
www.agrusslawfirm.com

**From:** Pooja Dosi
**Sent:** Monday, March 07, 2016 9:29 AM
**To:** 'nmoore@ncaks.com' <nmoore@ncaks.com>
**Subject:** Morales, Eduardo v. National Credit Adjuster, LLC

Hi Nick,

I'm writing to let you know that we represent Eduardo Morales in an FDCPA and TCPA case against NCA. Please stop all further communications with our client.

I'm also writing to see if we can resolve this case pre-suit. Plaintiff's draft complaint is attached for your review. Plaintiff's demand is $3,500 + TCPA damages. Please let me know if the number of calls to Plaintiff's cell phone and I can give you a global demand. This demand is good through March 14, 2016.

Thanks,
Pooja

**Pooja Dosi | Agruss Law Firm, LLC**
Attorney at Law
4611 N Ravenswood Ave, Suite 201, Chicago, IL 60640
Tel: 312-224-4695 | Cell: 312-715-8054 | Fax: 312-253-4451
pooja@agrusslawfirm.com
www.agrusslawfirm.com

**DoubleCheck** identified this as **CLEAN**. Give feedback: This is SPAM · More

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| EDUARDO MORALES<br>*Plaintiff,* | §<br>§<br>§ | Case No.: 4:16-cv-00224-RC |
| v. | §<br>§<br>§ | |
| NATIONAL CREDIT ADJUSTERS, LLC<br>*Defendant.* | §<br>§<br>§ | |

### AFFIDAVIT OF NICHOLAS D. MOORE FOR DEFENDANT NATIONAL CREDIT ADJUSTERS, LLC'S UNOPPOSED MOTION TO SET ASIDE ENTRY OF DEFAULT

STATE OF Kansas §
COUNTY OF Reno §

Before me, the undersigned authority, personally appeared Nicholas D. Moore, who, being by me duly sworn, deposed as follows:

1. My name is Nicholas D. Moore. I am of sound mind, capable of making this affidavit, and the facts contained herein are true and correct and within my personal knowledge. I am the Associate Counsel for National Credit Adjusters, LLC. ("NCA" herein).

2. On April 11, 2015, counsel for Plaintiff reached out to NCA to discuss the possibility of entering into a settlement agreement for the present case. Furthermore, on April 29, 2016, the date on which an Answer was to be filed in this matter, Plaintiff's counsel again reached out to NCA and lead NCA to believe that an Answer would not need to be filed in this matter as long as there were ongoing settlement negotiations. In other words, the sole reason why NCA did not file a timely Answer in this matter is because Plaintiff's counsel led NCA to believe that it was not necessary.

DEFENDANT'S EXHIBIT B
Blumberg No. 5114

3. Although Plaintiff is arguing that NCA committed the violations alleged in this lawsuit in May and June of 2015, my review of the account notes dictate that NCA did not acquire Plaintiff's account until August of 2015. Additionally, NCA did not attempt to contact Plaintiff via telephone until September of 2015. Therefore, NCA was not contacting Plaintiff via telephone, or any other means, during May and June of 2015.

FURTHER, AFFIANT SAITH NAUGHT.

_____
Nicholas D. Moore

SWORN TO AND SUBSCRIBED before me on the 10th day of May, 2016

_____
Notary Public, State of Kansas

GRACIELA GRAJEDA
Notary Public - State of Kansas
My Appt. Expires 11/06/19

My commission expires:

   11/06/2019